UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-22-12
```

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-v-

WELL ADVANTAGE LIMITED, *et al.*,

Defendants.

No. 12 Civ. 5786 (RJS)
ORDER FREEZING ASSETS
AND PROHIBITING DESTRUCTION
OF RECORDS

RICHARD J. SULLIVAN, District Judge:

WHEREAS the Court has considered (1) the First Amended Complaint dated August 3, 2012; (2) the Declarations of Michael P. Holland Pursuant to Local Civil Rule 6.1, executed on July 27, 2012 and August 3, 2012; (3) the Declarations of Elzbieta Wraga, executed on July 26, 2012 and August 3, 2012; (4) Plaintiff's Memoranda of Law in Support of Its *Ex Parte* Emergency Applications for an Order to Show Cause, Asset Freeze and Other Relief, dated July 27, 2012 and August 3, 2012; and (5) the Declarations of Service Pursuant to the Court's Orders to Show Cause of July 27, 2012, and August 6, 2012, of Simona K. Suh, executed on August 7, 2012 and August 16, 2012; and

WHEREAS the Court has "So Ordered" the following stipulations: (1) on August 14, 2012, a stipulation dated August 13, 2012 between Plaintiff and Defendant Well Advantage Limited ("Well Advantage"); (2) on August 14, 2012, a stipulation dated August 14, 2012 between Plaintiff and CSI Capital Management Limited ("CSICM"), the beneficial owner of the assets related to the July 17 and 18, 2012 purchase of a total of 250,000 shares of the stock of Nexen, Inc. ("Nexen") in CSICM's account that is described in the First Amended Complaint;

(3) on August 20, 2012, a stipulation dated August 20, 2012 between Plaintiff and Choo Eng Hong, the beneficial owner of the assets related to the July 19 and 20, 2012 purchase of a total of 19,000 shares of Nexen stock in the account of Phillip Securities Pte Ltd. ("Phillip Securities") that is among the purchases in the Phillip Securities account described in the First Amended Complaint; (4) on August 21, 2012, a stipulation dated August 21, 2012 between Plaintiff and Stephen Wang Sang Wong, the beneficial owner of the assets related to the purchase of a total of 308,164 shares of Nexen stock in the account of Phillip Securities that is among the purchases in the Phillip Securities account described in the First Amended Complaint; and (5) on August 21, 2012, a stipulation dated August 21, 2012 between Plaintiff and CT Prime Assets Limited, Ren Feng, Zeng Huiyu, Wang Zhi Hua, Giant East Investments Limited, Wong Chi Yu and Wang Wei, the beneficial owners of the assets related to the purchases of certain shares of Nexen stock in the account of Phillip Securities that are among the purchases in the Phillip Securities account described in the First Amended Complaint (collectively, the "Stipulations"); and

WHEREAS the Stipulations shall remain in effect as to the parties thereto, and nothing in this Order shall modify the Stipulations or otherwise apply to the parties to the Stipulations; and

WHEREAS the deadlines for responses by Defendants under this Court's Orders to Show Cause of July 27, 2012 and August 6, 2012, as well as the August 20, 2012 hearing on those Orders to Show Cause, have passed without objection by any of the Defendants or any other parties other than the parties to the Stipulations; and

WHEREAS, based upon the foregoing, the Court finds that a proper showing, as required by Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), has been made for the relief granted herein against Defendants, other than the parties to the Stipulations, for the following reasons:

1. Based on the evidence presented, there is a basis to infer that the Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, as alleged in the First Amended Complaint.

2. An order freezing the Defendants' assets related to the allegations in the First Amended Complaint, as specified herein, is necessary to preserve the *status quo* and to protect this Court's ability to award relief in the form of disgorgement of illegal profits from the violations, prejudgment interest and civil penalties.

3. An order prohibiting the Defendants from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect or relate to the allegations in the First Amended Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations, is necessary to ensure, among other things, compliance with the asset freeze imposed on the Defendants' assets, and to protect the integrity of this litigation.

4. This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District.

IT IS HEREBY ORDERED that, except as to the parties to the Stipulations, pending a final disposition of this action, the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, shall hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets related to the allegations in the First Amended Complaint, held by or under the direct or indirect control of the Defendants, whether held in any of their names or for any of their direct or indirect beneficial interests,

wherever situated, including but not limited to:

1. For Defendants Certain Unknown Traders in the Securities of Nexen, Inc. in an account of Phillip Securities Pte Ltd., all assets related to the purchase of 597,990 shares of Nexen stock from July 12, 2012 through July 20, 2012, in an account held by Pershing LLC under the name Phillip Securities Pte Ltd., including the gross proceeds of any sales of the Nexen stock and any unsold shares of the Nexen stock traceable to those purchases; and

2. For Defendants Certain Unknown Traders in the Securities of Nexen, Inc. in an Account of Citibank NA A/C HK4, all assets related to the purchase of 78,220 shares of Nexen stock on July 17, 2012, in an account held by Citigroup Global Markets, Inc. under the name Citibank NA A/C HK 4, including the gross proceeds of any sales of the Nexen stock and any unsold shares of the Nexen stock traceable to those purchases.

IT IS FURTHER ORDERED that, except as to the parties to the Stipulations, pending a final disposition of this action, the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books and records that are in the possession, custody or control of the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, that refer, reflect or relate to the allegations in the First Amended Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations.

IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this Order upon the Defendants on or before August 22, 2012, by personal delivery, facsimile, overnight courier, email or first-class mail, and file a certificate of service on ECF indicating that such service has been effectuated.

IT IS FURTHER ORDERED that this Order shall be, and is, binding upon the Defendants, except for the parties to the Stipulations, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise

SO ORDERED.

Dated:   August 21, 2012
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

5